UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS ERIC GONZALEZ,

Plaintiff,

v.

CLAUGER USA, LLC,

Defendant.

Case No. 1:26-cv-05671-EPG

ORDER (1) GRANTING MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND; AND (2) DENYING AS MOOT MOTION TO DISMISS

(ECF Nos. 5, 7)

Plaintiff Luis Eric Gonzalez originally filed suit in the Tulare County Superior Court asserting various disability discrimination claims and labor and wage violations under California law against Defendant Clauger USA, LLC. (ECF No. 1 at 9-46). After removing the state court action to this Court, Defendant moved to dismiss Plaintiff's complaint with prejudice for failure to state a claim. (ECF No. 5). Plaintiff has filed an untimely response in opposition to the motion to dismiss, (ECF No. 9), and Defendant has filed a reply, (ECF No. 11). Plaintiff has also filed a motion for leave to amend and motion to remand, (ECF No. 7), to which Defendant has filed an untimely response in opposition, (ECF No. 13).

For the reasons given below, the Court will grant Plaintiff's motion for leave to amend and motion to remand and deny Defendant's motion to dismiss as moot.

## I. BACKGROUND

### A. The Complaint

On March 18, 2026, Plaintiff filed this lawsuit asserting numerous claims under California

law arising from his employment with Defendant and subsequent termination. (ECF No. 1 at 9-46). According to the complaint, Plaintiff was hired by Defendant on or about September 26, 2022, on an hourly basis as a Field Service Leads Manager. (*Id.* at 16). Plaintiff alleges that throughout his employment, he was effectively on call 24 hours per day and regularly worked 12 to 16 hours per day but was often only compensated for 7 to 10 hours per day. (*Id.* at 16-17).

In December 2024, Plaintiff began to experience health issues, and after undergoing imaging, his physicians advised him of concerns he might be suffering from stage-four cancer. (*Id.* at 17). Plaintiff asserts that during a company meeting in early February 2025, he disclosed his medical condition and his doctors' concerns to Defendant's CEO, informing the CEO that he did not feel physically capable of continuing to perform his demanding role and requesting to step down from his position due to his health. (*Id.* at 17). According to Plaintiff, the CEO "acknowledged [ his] health concerns and told him it was time to be 'selfish' and to focus on himself and his family," but "[n]o follow-up meeting was scheduled, no accommodation was discussed, and no effort was made to engage in the interactive process." (*Id.* at 17).

Plaintiff contends that on February 28, 2025, while he was off work, he received a message instructing him to report to the office, where he was informed that his position was being eliminated due to restructuring. (*Id.* at 17).

Plaintiff asserts claims for disability discrimination, failure to accommodate, failure to prevent discrimination, failure to engage in the interactive process, wrongful termination, failure to pay all overtime wages, failure to pay all wages due, failure to provide meal and rest periods, failure to timely pay all wages when due, failure to provide accurate itemized wage statements, and unfair business practices. (*Id.* at 18-27).

As relief, Plaintiff seeks compensatory and general damages, unpaid wages, statutory penalties, punitive damages, prejudgment interest, and attorneys' fees and costs. (*Id.* at 28).

**B. Removal**

Defendant removed the case to this Court on July 17, 2026, asserting subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1). Specifically, Defendant contends that it is a citizen of Delaware and Illinois, while Plaintiff is a citizen of California, and the amount in controversy exceeds $75,000. (*Id.* at 2-4).

**C. Motion to Dismiss**

On July 24, 2026, Defendant filed a motion to dismiss Plaintiff's claim for punitive damages. (ECF No. 5). Defendant argues that the claim as pled does not establish the essential statutory requirements for seeking punitive damages under California Civil Code § 3294 because Plaintiff has failed to allege any acts or omissions by Defendant that rise to the level of despicable, malicious conduct and instead, relies on conclusory language to support his claim. (*Id.* at 3, 7-14). Defendant contends that Plaintiff failed to name an officer, director, or managing agent that committed an act of oppression, fraud, or malice, and does not allege any specific facts demonstrating that Defendant is guilty of same. (*Id.* at 10-11, 13).

In his opposition, Plaintiff argues that he does not rely on a ratification theory requiring identification of an officer who approved a subordinate's misconduct after the fact, and instead, the Defendant's CEO's own conduct is the conduct at issue. (ECF No. 9 at 2-4). He asserts that the complaint pleads specific, non-conclusory facts that, when, taken together and with all reasonable inferences drawn in his favor, a factfinder could infer a conscious disregard of his rights within the meaning of Civil Code § 3294(c)(1). (*Id.* at 4). Plaintiff contends that dismissal with prejudice is inappropriate, and he is prepared to further particularize the officer-conduct allegations if the Court identifies any deficiency. (*Id.*).

Defendant has filed a reply in support of its motion to dismiss in which it argues that naming the CEO by title does not satisfy § 3294(b) without pleading facts showing that the officer's own conduct was oppressive, fraudulent, or malicious. (ECF No. 11 at 3). Defendant asserts that the facts Plaintiff recites describes an ordinary discrimination and wrongful termination claim, not the "despicable" conduct required by § 3294, and stripped of its conclusory labels, Plaintiff's claim is not plausible. (*Id.* at 6-8). Defendant contends leave to amend would be futile. (*Id.* at 8-9).

**D. Motion to Amend and Remand**

Plaintiff has filed a motion for leave to amend and motion to remand. (ECF No. 7). Plaintiff seeks to file a first amended complaint to substitute James Burns, his direct supervisor from approximately April 2024 through February 6, 2025, in place of a fictitiously-named Doe defendant, and because Burns' is a citizen of California and would defeat diversity jurisdiction,

he moves for an order remanding this action to state court. (ECF No. 7-1). Plaintiff argues that each of the factors that courts apply to determine whether to permit the amendment under 28 U.S.C. § 1447(e) favors granting leave to amend and remanding this action. (*Id.* at 2). Specifically, Plaintiff asserts Burns is necessary to just adjudication of the existing claims; his motive is not to manufacture a remand; he moved promptly after removal; the statute of limitations factor is neutral; his claims against Burns are meritorious under California Labor Code § 558.1; and denial of joinder would prejudice him. (*Id.* at 5-7).

In response, Defendant argues that Burns is not needed for just adjudication because it answers for all of the conduct alleged; the timing and circumstances of the amendment show its purpose is to defeat diversity jurisdiction; Plaintiff unreasonably delayed and discloses no genuinely new facts; the proposed claims against Burns are not clearly valid; the statute of limitations factor does not favor joinder; and denial will not prejudice Plaintiff. (ECF No. 13 at 6-11). Defendant contends that independent of § 1447(e), leave to amend should be denied because the amendment is unduly delayed and futile. (*Id.* at 11-12).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). "However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally

construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556-57.

Additionally, under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.*

However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) (explaining that § 1447(e) "requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court"). "Similar to Rule 15, under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court." *Puls v. Hobby Lobby Stores, Inc.*, Case No. 1:25-cv-02069-KES-CDB, 2026 WL 2641801, at *2 (E.D. Cal. Sept. 8, 2026) (alteration, citation, and internal marks omitted).

## III. ANALYSIS

### A. Motion to Amend

Plaintiff seeks leave to file a first amended complaint to substitute Burns, a citizen of California and his direct supervisor from approximately April 2024 through February 6, 2025, as a defendant in this action. (ECF No. 7). Plaintiff argues that each of the factors that courts apply to determine whether to permit the amendment under 28 U.S.C. § 1447(e) favors granting leave to amend and remanding this action. (ECF No. 7-1 at 2).

Under § 1447(e), courts consider the following factors:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Litzo v. Home Depot U.S.A., Inc.*, No. 2:26-cv-00098-DJC-CKD, 2026 WL 2532114, at *1 (E.D. Cal. Aug. 27, 2026) (citations and internal marks omitted).

**1. *Just Adjudication***

Plaintiff argues Burns is necessary to just adjudication of the existing claims since Burns is "directly responsible for the underreporting underlying Plaintiff's overtime, unpaid-wages, and wage-statement claims." (ECF No. 7-1 at 5). He argues that Burns "personally instructed [him] to limit his reported hours and to avoid overtime without prior approval, and had the authority to discipline or discharge Plaintiff." (*Id.*).

In response, Defendant argues that Burns is not needed for just adjudication because it answers for all of the conduct alleged such that Plaintiff can obtain complete relief from Defendant. (ECF No. 13 at 6). Specifically, Defendant argues that "Plaintiff seeks money damages for wage-and-hour violations, and Defendant — the employer — is fully answerable for those claims" under California Labor Code § 2802 and the doctrine of respondeat superior. (*Id.*).

"In determining whether to permit joinder of a non-diverse party after removal, the court considers whether the added party would meet Rule 19's standard for a necessary party." *Crippen v. Int'l Paper Co.*, No. 2:23-cv-01107-DAD-CKD, 2024 WL 1181367, at *4 (E.D. Cal. Mar. 19, 2024) (citation omitted). Under Rule 19, "parties are required to be joined if their absence would preclude the grant of complete relief, or their absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Litzo*, 2026 WL 2532114, at *2 (alterations, citation, and internal marks omitted). However, "the question of whether to allow joinder is more permissive under [§] 1447(e)," *Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-cv-01142 DJC AC, 2024 WL 1306170, at *3 (E.D. Cal. Mar. 25, 2024) (footnote and citations omitted), and "[c]ourts have held that this factor favors joinder and remand

when failure to join will lead to separate and redundant actions, but not when defendants are only tangentially related to the cause of action or would not prevent complete relief," *Crippen*, 2024 WL 1181367, at *4 (citation and internal marks omitted).

Burns "likely bears more than a tangential relationship to the causes of action in which he is named," *id.*, since Plaintiff claims he is "directly responsible for the underreporting underlying [his] overtime, unpaid wages, and wage statement claims," (ECF No. 7-1 at 5), including the allegation in the complaint that he was "instructed to limit the number of hours he reported and to reduce 'overhead,' which resulted in systematic underreporting of hours worked," (ECF No. 1 at 23-24).

Although Defendant points to California Labor Code § 2802 to support its argument, § 2802 "does not present a bar on bringing claims against individual employees and only covers acts within the scope of employment." *Litzo*, 2026 WL 2532114, at *2 (citations omitted); *see also Nand*, 2024 WL 1306170, at *4 (citations omitted) (explaining that although "[c]ourts have previously found that where a company has stipulated an employee was acting in the scope of their employment, joinder was not necessary given California's respondeat superior doctrine," defendant had not stipulated to the fact that the manager was acting within the scope of his employment and thus, "denying joinder may necessarily result in separate and redundant actions should [d]efendant subsequently assert that [the manager] was acting outside the scope of his employment").

Accordingly, this factor weighs in favor of permitting joinder.

**2. *Statute of Limitations***

Plaintiff argues the statute of limitations factor is neutral, since his Labor Code claims against Burns are subject to limitation periods of three to four years, and his employment ended on February 28, 2025. (ECF No. 7-1 at 6).

In response, Defendant argues that Plaintiff concedes the statute of limitations factor does not favor joinder. (ECF No. 13 at 10).

Because the statute of limitations would not prevent Plaintiff from filing a new action in state court, this factor weighs against permitting joinder of Burns. *See Ross v. Nissan N. Am., Inc.*, Case No. 1:26-cv-00647-KES-CDB, 2026 WL 1257345, at *3 (E.D. Cal. May 7, 2026) (citation

omitted) (finding statute of limitations factor weighed against joinder where statute of limitations had not run), adopted by 2026 WL 1482711, at *1 (E.D. Cal. May 27, 2026); *see also Litzo*, 2026 WL 2532114, at *2 (same).

**3. *Delay***

Plaintiff argues that his counsel "promptly pursued the factual investigation necessary to confirm Burns'[] role and California citizenship" and filed his motion "within approximately one month of removal." (ECF No. 7-1 at 6).

In response, Defendant argues Plaintiff knew the facts raised by the amendment in the original pleading, since he was "present for Burns' instructions, he pleaded those instructions in his original [c]omplaint, and Burns' supervision ended on February 6, 2025—more than a year before Plaintiff filed suit." (ECF No. 13 at 8) (citation omitted). Defendant argues that Plaintiff's stated justification regarding an investigation after removal "does not withstand scrutiny," and the "only fact Plaintiff actually developed after removal was Defendant's citizenship, which is a reason to remand, not a reason to amend." (*Id.*).

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Ross*, 2026 WL 1257345, at *3 (citation and internal marks omitted). However, under § 1447(e), the Court "has discretion to deny joinder of a party whose identity was ascertainable and thus could have been named in the first complaint." *Crippen*, 2024 WL 1181367, at *5 (citation and internal marks omitted).

Although "the short time frame of the delay here weighs towards permitting joinder," *id.*, since Plaintiff moved to amend nearly five months after filing his original complaint and one month after the case was removed, Plaintiff "could have named [ Burns] in his state complaint, as the [proposed amended complaint] does not allege any new facts as to this defendant, but simply seeks to name the individual defendant based on the same alleged conduct included in his original complaint," *Lewis v. Home Depot, Inc.*, No. 2:24-cv-00955 CKD, 2024 WL 5088243, at *3 (E.D. Cal. Dec. 11, 2024) (alterations, citation, and internal marks omitted).

Accordingly, this factor is neutral.

**4. *Intent***

Plaintiff argues his motive is not to manufacture a remand and his "selective, fact-driven

approach to which claims Burns is named on is itself evidence that the amendment reflects a genuine assessment of Burns'[] actual personal liability, not an undifferentiated attempt to add any available individual to defeat jurisdiction." (ECF No. 7-1 at 5-6).

In response, Defendant argues the timing and circumstances of the amendment show its purpose is to defeat diversity jurisdiction, since the "conduct Plaintiff now attributes to Burns—the instruction to limit reported hours and to avoid recording overtime—was pleaded in the original [c]omplaint, before any Doe defendant was identified and before removal," and "[n]othing of substance changed except that Defendant removed." (ECF No. 13 at 7) (citation omitted). Defendant argues that Burns' identity "was not merely ascertainable; Plaintiff worked directly under him and experienced the very instructions on which the proposed claims rest," and "[c]ourts treat that kind of first and knowledge as decisive on the delay and motive factors." (*Id.*).

"While the Plaintiff's motive in requesting to join additional defendants is relevant to whether to grant leave to amend, especially where joining a new defendant will defeat diversity jurisdiction and require remand," *Litzo*, 2026 WL 2532114, at *3 (citation omitted), "suspicion about whether plaintiff's purpose in amending is to destroy diversity is not an important factor in the [§] 1447(e) analysis," *Nand*, 2024 WL 1306170, at *4 (citation omitted). Courts first consider "whether the plaintiff was 'aware of the removal' at the time [ he] amended [his] complaint." *Crippen*, 2024 WL 1181367, at *6 (citation omitted). Here, Plaintiff filed his motion to amend a month after Defendant removed this case, so he was "undoubtedly aware of the removal and the bases of the removal at the time that []he [sought to] amend[ his] complaint." *Id.* (citation omitted).

"Next, as to timing, courts evaluating a plaintiff's motive for joinder can consider whether the plaintiff provided an explanation as to the wait before asserting claims against the new defendant." *Id.* (citation omitted). Here, Plaintiff explained that he waited to move to amend to add Burns because the "specific factual basis for Burns'[s] individual liability . . . was developed through continued client interviews conducted after removal." (ECF No. 7-1 at 5).

In considering motive for joinder, courts have also "inferred an improper motive where the plaintiff's proposed amended complaint contained only minor or insignificant changes to the original complaint." *Crippen*, 2024 WL 1181367, at *6 (citation and internal marks omitted).

Here, Plaintiff "adds no substantially new or different allegations to the original complaint; [he] merely [seeks to] add[] [a] non-diverse defendant[]." *Lewis*, 2024 WL 5088243, at *4. "This court has previously found, when facing a similar level of modification, that because the changes were minor and the two complaints substantially similar, the court could infer an improper motive on behalf of the plaintiff." *Crippen*, 2024 WL 1181367, at *6 (citation omitted).

"However, courts are less likely to find an improper motive, even when an amended complaint contains only minor changes, if the plaintiff has alleged a valid claim against the newly named defendant." *Id.* (citation omitted); *see also Armstrong v. FCA US LLC*, No. 1:19-cv-01275-DAD-SAB, 2020 WL 6559232, at *7 (citations omitted) (explaining that courts "have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant"). As explained below, Plaintiff's claims against Burns are not facially invalid, "which supports a finding that [P]laintiff's motive is not *solely* to destroy diversity." *Armstrong*, 2020 WL 6559232, at *7.

Overall, this factor is neutral.

**5. *Validity of Claims***

Plaintiff argues his claims against Burns are meritorious under California Labor Code § 558.1 based on actions taken as his supervisor, which are not "conclusory recitations of a supervisory title—they are specific, personal-knowledge factual allegations describing what Burns himself did." (ECF No. 7-1 at 6-7). Plaintiff argues that under the § 1447(e) standard, he "need only show that this claim appears valid, not that it would survive summary judgment." (*Id.* at 7).

In response, Defendant argues the proposed claims against Burns are not clearly valid under Labor Code § 558.1. (ECF No. 13 at 9).

"Under the [§] 1447(e) standard, whether a claim is valid is based on the 'facial legitimacy' of the claim." *Nand*, 2024 WL 1306170, at *5 (citation omitted). "The claim 'need not be plausible or stated with particularity' but simply be sufficient for a state court to find that the Plaintiff states a cause of action against the non-diverse defendant." *Litzo*, 2026 WL 2532114, at *3 (citation omitted). "This is not the same as the standard in either a motion to dismiss or a

motion for summary judgment." *Crippen*, 2024 WL 1181367, at *7 (citation and internal marks omitted).

In *Crippen*, the Court explained:

> California Labor Code § 558.1, provides that "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated [various wage and hour provisions] may be held liable as the employer for such violation." Under the applicable Wage Order, an employer is one "who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Cal. Code Regs. tit. 8, § 11040(2)(H). An "other person acting on behalf of an employer" is defined as "a natural person who is an owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1(b). Supervisors who have broad discretionary powers and exercise substantial discretionary authority in the corporation could be managing agents. However, supervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees.

*Id.* (alterations in original) (citation and internal marks omitted).

Plaintiff "has made few allegations regarding defendant [Burns'] role at [Clauger]." *Id.* He argues that his proposed first amended complaint alleges that Burns, as Plaintiff's direct supervisor from April 2024 through February 6, 2025, "(1) personally instructed Plaintiff to limit the number of hours he reported on his timecard and to avoid recording overtime without prior approval; (2) told Plaintiff to 'do whatever you gotta do' to keep his reported hours down; and (3) had the authority to discipline or discharge Plaintiff." (ECF No. 7-1 at 7). However, these "brief and conclusory allegations may indeed fall short of stating a claim against defendant [Burns]." *Crippen*, 2024 WL 1181367, at *7. Plaintiff "does not allege anything else about [Burns'] role, such as in what other specific ways he may have exercised control over [P]laintiff's wages, hours, and working conditions, for the purposes of asserting his liability as an employer." *Id.* Further, he "does not allege in what specific ways [Burns] had substantial discretionary authority over significant aspects of [Clauger's] business, for the purposes of asserting his liability as a 'managing agent.'" *Id.*

"Despite these apparent deficiencies, the [C]ourt is unable to conclude that [P]laintiff's claims brought against defendant [Burns] are facially invalid for the purposes of a joinder analysis." *Id.*, at *8 (citation omitted). "While the [complaint] itself may not contain sufficient

factual allegations to survive a motion under Rule 12(b)(6), California law certainly does not foreclose the causes of action [P]laintiff has brought, and [his] arguments suggest to the [C]ourt that if granted leave to amend, [P]laintiff may be able to properly state a claim against defendant [Burns] under California Labor Code § 558.1 as an employer and/or a managing agent." *Id.* (footnote omitted). "Thus, the [C]ourt cannot conclude that [P]laintiff's claims are facially invalid, because to do so 'would have the court impose a more stringent pleading standard than what is required under § 1447(e).'" *Id.* (citation omitted) (collecting cases).

Accordingly, this factor favors joinder.

**6. *Prejudice***

Plaintiff argues denial of joinder would prejudice him because he "would be forced to pursue a separate action against Burns in state court arising from the identical facts and the identical wage-and-hour practices already at issue in this action, risking inconsistent factual findings, duplicative discovery, and unnecessary litigation expense for all parties." (ECF No. 7-1 at 7).

In response, Defendant argues denial will not prejudice Plaintiff since he can "obtain full relief from Defendant in this forum and remains free to sue Burns separately." (ECF No. 13 at 10-11).

Because Plaintiff "has facially legitimate claims against [ Burns] that arise out of the same set of facts as the claims against Defendant," Plaintiff "would be required to pursue two separate and substantially similar actions in two different forums if joinder were denied." *Ross*, 2026 WL 1257345, at *5; *see also Litzo*, 2026 WL 2532114, at *3 (finding potential prejudice weighed slightly in plaintiff's favor because, "[w]hile it may be that [the proposed defendant] is ultimately indemnified by [d]efendant, [p]laintiff may proceed on claims against [him] as an individual," and "[r]equiring that [p]laintiff pursue those claims in a separate state court action creates some prejudice").

Accordingly, this factor favors joinder.

**7. *Balancing of Factors***

Considered together, the § 1447(e) factors weigh in favor of permitting joinder. Accordingly, the Court exercises its discretion to permit the joinder of Burns as a defendant in

this action under § 1447(e) and grants Plaintiff's motion to amend.

**B. Motion to Remand**

Because joinder of non-diverse defendant Burns defeats diversity jurisdiction, and 28 U.S.C. § 1447(c) requires remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," this action must be remanded to state court. *See Stephens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) (explaining that "although the district court's decision to allow joinder of [] non-diverse defendants [is] a discretionary decision, once the non-diverse defendants [are] joined[,] remand [becomes] mandatory" which is "precisely the point of § 1447(e)"); *see also DeMartini v. DeMartini*, 964 F.3d 813, 819 (9th Cir. 2020) (explaining that remands under § 1447(e) are mandatory "because, once the diversity-destroying defendant has been joined under that subsection, the district court's only option is to remand"); *Puls*, 2026 WL 2641801, at *4 (granting plaintiff's motion to amend the complaint to join a non-diverse defendant and finding remand to state court required under § 1447(c)); *Litzo*, 2026 WL 2532114, at *3-4 (finding the § 1447(e) factors weighed in favor of permitting joinder of non-diverse defendant and granting plaintiff's motion for leave to amend to file a first amended complaint against the new defendant and remanding the case to state court for lack of subject matter jurisdiction); *Ross*, 2026 WL 1257345, at *5 (recommending granting plaintiff's motions for leave to file a first amended complaint to join a non-diverse defendant and to remand to state court).

**C. Motion to Dismiss**

Because the Court lacks subject matter jurisdiction, the motion to dismiss is denied as moot.

**IV. CONCLUSION AND ORDER**

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion to amend and remand this action, (ECF No. 7), is granted;
2. The Clerk of Court is directed to docket Plaintiff's first amended complaint, (ECF No. 7-2 at 83-107), and add James Burns as a defendant;
3. Upon the filing of the first amended complaint, this action is remanded to Tulare County Superior Court under 28 U.S.C. § 1447(c) for lack of subject matter

jurisdiction;

4. Defendant's motion to dismiss, (ECF No. 5), is denied as moot; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 15, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE